IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AMBER BLACKBURN, JMARCUS | § | |
| TREVON LEWIS, KHANIYA BRIZAE | § | |
| HANCHEY, and KYLE WILLIAMS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:21-cv-318 |
| | § | |
| AWB TRANSPORT, INC. and | § | |
| KHAWAR AYUB | § | JURY TRIAL REQUESTED |

## DEFENDANTS' FIRST AMENDED ORIGINAL ANSWER & JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, AWB TRANSPORT, INC. and KHAWAR AYUB, Defendants in this matter, and pursuant to the Federal Rules of Civil Procedure, file this Original Answer to Plaintiffs' Original Petition and in support thereof, would respectfully show unto the Court as follows:

### I.  DISCOVERY LEVEL

1.      As to paragraph 1 in Section I of Plaintiffs' Original Petition, the allegations are denied to the extent they are not applicable with a Petition for Removal having been filed by Defendants, AWB TRANSPORT, INC. and KHAWAR AYUB. Defendants will await the Scheduling Order to be entered by this court.

### II.  JURISDICTION AND VENUE

2.      As to paragraph 2 in Section II of Plaintiffs' Original Petition, Defendants, AWB TRANSPORT, INC. and KHAWAR AYUB, admit the damages in controversy are within the jurisdictional limits of this court with a removal having been filed by Defendants.

3.      As to paragraph 3 in Section II of Plaintiffs' Original Petition, Defendants, AWB TRANSPORT, INC. and KHAWAR AYUB, admit that venue is proper in Chambers County under 28 U.S.C. §1391(b)2 to the extent that the incident in question took place in Chambers

County, Texas but that this court has removal jurisdiction over this lawsuit pursuant to 28 U.S.C. §§1441and 1446, and based upon diversity of citizenship under 28 U.S.C. §1332.

### III. PARTIES

4.      As to paragraph 4 in Section III of Plaintiffs' Original Petition, the allegations are denied due to lack of specific knowledge regarding Plaintiffs' residences at the time of the accident.

5.      As to paragraph 5 in Section III of Plaintiffs' Original Petition, Defendant, AWB TRANSPORT, INC, admits the allegations related to it being a foreign corporation whose registered agent is Usman Khalid, but denies the remainder of the allegations that it conducts substantial business in Texas and considers Texas to be its home state.

6.      As to paragraph 6 in Section III of Plaintiffs' Original Petition, Defendant KHAWAR AYUB upon information and belief admits that he is a resident of North Dakota.

### IV. FACTS

7.      As to Section IV of Plaintiffs' Original Petition, Defendants, AWB TRANSPORT, INC. and KHAWAR AYUB, admits that an incident took place on or about December 9, 2020 on Interstate-10 near mile marker 807 in Chambers County, Texas and that KHAWAR AYUB was driving within the course and scope of his employment with AWB TRANSPORT, INC. However, Defendants AWB TRANSPORT, INC. and KHAWAR AYUB, specifically deny the remainder of the allegations contained therein regarding the sequence of the incident, the manner in which Defendant KHAWAR AYUB was driving, and the injuries claimed to have been sustained by Plaintiffs as a result.

8.      As to paragraph 8 in Section IV of Plaintiffs' Original Petition, including subsections a – l, Defendants AWB TRANSPORT, INC. and KHAWAR AYUB, deny the allegations of negligence, negligence per se, and gross negligence contained therein.

9.      As to paragraph 9 in Section IV of Plaintiffs' Original Petition, Defendants AWB TRANSPORT, INC. and KHAWAR AYUB, deny the allegations contained therein.

10.     As to paragraph 10 in Section IV of Plaintiffs' Original Petition, Defendants AWB TRANSPORT, INC. and KHAWAR AYUB, deny the allegations contained therein.

## V.  JURY TRIAL

11.     As to paragraph 11 in Section V of Plaintiffs' Original Petition, Defendants, AWB TRANSPORT, INC. and KHAWAR AYUB, admit and join in Plaintiffs' request for a trial by jury.

## VI.  RELIEF IN PLAINTIFFS' PRAYER

12.     As to Section VI of Plaintiffs' Original Petition, Defendants AWB TRANSPORT, INC. and KHAWAR AYUB, deny the allegations contained therein or that Plaintiffs are entitled to any of the relief sought therein.

## VII.  AFFIRMATIVE DEFENSES

13.     Defendants assert their rights under the Proportionate Responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code. Defendants request that the jury determine the percentage of responsibility, if any, of Plaintiffs, Defendants, each settling person and each designated responsible third party in accordance with Section 33.003 of the Texas Civil Practice & Remedies Code.

14.     Defendants invoke Sec. 18.091 of the Texas Civil Practice and Remedies Code and request that to the extent that Plaintiffs, AMBER BLACKBURN, JMARCUS TREVON LEWIS, KHANIYA BRIZAE HANCHEY, and KYLE WILLIAMS, seek recovery for past and future physical pain; past and future physical impairment; past and future disability; past and future disfigurement; discomfort; distress; past and future mental anguish; past loss of earnings and future earning capacity; past and future pharmaceutical and medical expenses and prejudgment interest,

- 3 -

and that the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability. Defendants further request that the Court instruct the jury as to whether any recovery for compensatory damages sought by any Plaintiff are subject to federal or state income taxes.

15.     Defendants invoke the provisions of CPRC §41.0105 which, in addition to other limitations under the law, limits Plaintiffs' recovery of medical or health care expenses to the amount actually paid or incurred by or on behalf of the Plaintiffs.

16.     Defendants further plead and claim that, since after March 23, 2010 with the enactment of the Patient Protection and Affordable Care Act (designed to reduce the cost of care), citizens (except those facing a financial hardship or who were members in a recognized religious sect exempted by the Internal Revenue Service) are required to possess a medical indemnity plan then, consistent with the ACA, any failure by Plaintiffs to present an ACA compliant medical indemnity plan to compensate a provider for costs associated with treatment of injuries allegedly sustained in the claim made the basis of a suit is an effort to avoid the effects of CPRC §41.0105 (paid or incurred); therefore, damage claims for treatment costs submitted to a trier of fact should be solely based on amounts evaluated through the considerations of an ACA compliant medical indemnity plan, because any amount greater than ACA compliant limits would be the result of a failure to mitigate such damages.

17.     Defendants would show Plaintiffs, AMBER BLACKBURN was negligent and such negligence was a proximate cause of the occurrence in question in one or more of the following: (a) failing to maintain proper lookout (b) failing to control speed, (c) failing to take timely and appropriate evasive action, (d) failing to maintain an assured clear following distance behind the vehicle in front of her, and (e) failing to make a timely brake application, in violation of applicable sections of the Texas Transportation Code including, but not limited to Tex. Transp.

Code § 545.062 (following distance); Tex. Transp. Code § 545.105 (signaling stops); Tex. Transp. Code § 545.351 (maximum speed requirement); Tex. Transp. Code § 545.401 (reckless driving); Tex. Transp. Code § 550.021 (accident involving personal injury or death); Tex. Transp. Code § 550.022  (accident involving damage to vehicle); and Tex. Transp. Code § 550.023  (duty to give information and render aid).

18.    Defendants would further show the accident was unavoidable, as that term is used and understood, based on Defendant's outward facing video camera which captured the accident sequence.

19.    Defendants further plead that Plaintiffs suffered from injuries, conditions and/or diseases prior to the accident in question. Defendants would show that this incident did not cause or aggravate any such pre-existing injuries, conditions and/or diseases.

20.    Defendants further plead as an affirmative defense that Plaintiffs have failed to mitigate their damages.

21.    Defendants would further show that Defendant Ayub was confronted by a sudden emergency, as that term is known and use din law, based on Defendant's outward facing video camera which captured the accident sequence.

22.    Defendants would further show based on Defendant's outward facing video camera which captured the accident sequence, the accident was proximately caused by the negligence, recklessness and/or intentional acts of third parties over whom these defendants had no legal right of control.

## VIII.  RESPONSIBLE THIRD-PARTY ALLEGATION

23.    Pursuant to Texas Civil Practices and Remedies Code § 33.004(j) Defendants allege that an unknown person, John Doe, committed a criminal act that was a cause of the loss or injury that is the subject of this lawsuit.

24.    Although this allegation is being made more than 60 days after Defendants filed their Original Answer on November 12, 2021, it is being submitted subject to the discretion and specifical rules of this Court.

25.    The collision which forms the basis of this lawsuit occurred on December 9, 2020, on IH-10 in Chambers County, Texas. At the same time, John Doe, was operating a black Dodge vehicle which cannot be specifically identified by make and model, but which can be seen on the pertinent dash camera footage, traveling on the roadway in front of the vehicle being operated by the plaintiff. John Doe suddenly and without warning slammed on his brakes. Plaintiff Amber Blackburn then suddenly and without warning slammed on her brakes ahead of Defendant Ayub. John Doe left the scene, thereby committing two criminal acts in relation to this lawsuit.

26.    John Doe first committed a criminal act in violation of Texas Transportation Code §545.401 which states in part, "A person commits an offense if the person drives a vehicle in willful or wanton disrespect for the safety of persons or property." As shown by the video footage captured on Defendant's dash camera, John Doe slammed on his brakes in the midst of moving highway traffic for no apparent reason. Traffic was not stopped or stopping ahead when John Doe and Plaintiff Blackburn slammed on their brakes in violation of Texas Transportation Code § 545.401.

27.    John Doe is also in violation of Texas Transportation Code § 550.021, which provides that a person commits an offense if while operating a vehicle involved in an accident that results or is reasonably likely to result in injury the driver does not follow the following:

1.    Immediately stop the vehicle at the scene of the accident or as close to the scene as possible;

2.    Immediately return to the scene of the accident if the vehicle is not stopped at the scene of the accident;

3.    Immediately determine whether ra person is involved in the accident, and if a person is involved in the accident, whether that person requires aid; and

4.     Remain at the scene of the accident until the operator complies with the requirements of §550.023.

28.     John Doe left the accident scene immediately after the collision in which his reckless driving caused the accident that caused Plaintiffs' injuries, if any. Although we are without any information which can be used to positively identify John Doe, in order to assign a name, this criminal act is clearly depicted in dash camera footage as the driver of the vehicle that abruptly applied its brakes ahead of the vehicle operated by Plaintiff Blackburn on December 9, 2020.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, AWB TRANSPORT, INC. and KHAWAR AYUB, pray that upon final hearing hereof, Plaintiffs AMBER BLACKBURN, JMARCUS TREVON LEWIS, KHANIYA BRIZAE HANCHEY, and KYLE WILLIAMS, not recover as prayed for in the Original Petition, and for such other and further relief, at law or in equity, as Defendants may show themselves justly entitled to receive.

Respectfully submitted,

*/s/ Robert L. Ramey*
Robert L. Ramey, Attorney in Charge
Southern District No. 5535
State Bar No. 16498200
750 Bering, Suite 600
Houston, Texas 77057
(713) 266-0074
(713) 266-1064 (*facsimile*)
email: rlr@ramey-chandler.com
eservice: rcqz-eservice@ramey-chandler.com

OF COUNSEL:                              **ATTORNEYS FOR DEFENDANTS**
RAMEY, CHANDLER,
  QUINN & ZITO, PC

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of this document in accordance with the Federal Rules of Civil Procedure via the Court's CM/ECF system on this, the 28th day of February 2022.

Jason A. Itkin | Samantha M. B. Demuren
Caj Boatright | Roland Christensen
ARNOLD & ITKIN, LLP
6009 Memorial Drive
Houston, Texas 77007

/s/ *Robert L. Ramey*
Robert L. Ramey